989 F.2d 494
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Arthur L. MILLER, Plaintiff-Appellant,
v.
James R. NIDA, Individually and in His Official Capacity,
Defendant-Appellee,
and Chief of Fairfax County Police Department; County of
Fairfax, Defendants.
 No. 91-1253.
 United States Court of Appeals,
Fourth Circuit.
 Argued: February 4, 1993
Decided: March 9, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, T. S. Ellis, III, District Judges. (CA-91-585-A)
 Allen H. Sachsel, Fairfax, Virginia, for Appellant.
 Cynthia Lee Tianti, Assistant County Attorney, Fairfax, Virginia, for Appellee.
 William A. Beeton, Jr., Fairfax, Virginia, for Appellant.
 Robert Lyndon Howell, Acting County Attorney, Robert Ross, Fairfax, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and RUSSELL and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Arthur Miller appeals from an adverse jury verdict in his 42 U.S.C. § 1983 (1988) action against Police Officer James Nida claiming excessive use of force. On appeal, Miller asserts that the district court erred in instructing the jury on Nida's defense of qualified immunity, and further that the jury's verdict was incorrect as a matter of law. Finding no reversible error in the proceedings below, we affirm.
 
 
 2
 * On the afternoon of August 23, 1989, Fairfax County Police Officer James Nida went to a job site in Fairfax County where Arthur Miller's company was performing construction work. Officer Nida's purpose was to serve two Class IV administrative summonses on Miller for unlawful operation of a dump truck. The events occurring at the construction site which subsequently formed the basis for Miller's claim of excessive force against Officer Nida were disputed by the parties at trial. We see no benefit in repeating that conflicting testimony here. For our purposes, it is sufficient to note that what should have been a routine service of summonses ended in Officer Nida arresting Miller after striking him several times with his nightstick. Whether Nida's use of force was justified under the circumstances depends on whose version of the events-Nida's or Miller's-is accepted.
 
 
 3
 On April 26, 1991, Miller filed an action against Nida in both his individual and official capacities under 42 U.S.C.s 1983 seeking money damages as a result of the arrest and the use of force. Count I claimed that Nida had violated Miller's federal constitutional rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Counts III and IV asserted pendent state law claims against Nida for assault and battery and abuse of process.[1]
 
 
 4
 At trial, Nida moved for a directed verdict asserting that the force used to arrest Miller was reasonable as a matter of law and further that he was entitled to qualified immunity. The district court denied Nida's motion, agreeing with Miller that there were factual issues in dispute. After the presentation of evidence at trial, the district court instructed the jury on Nida's defense of qualified immunity. The jury returned a verdict for Nida on all counts. Miller's motion for judgment notwithstanding the verdict was denied.
 
 II
 
 5
 Miller asserts that the district court erred in instructing the jury on the defense of qualified immunity. As a preliminary matter, we note that any error on this point did not prejudice Miller. The jury's conclusion that Nida was not guilty of the state law claims of assault and battery demonstrates that the jury did not believe that Nida used excessive force on Miller.
 
 
 6
 Nor do we conclude that the district court erred in submitting the issue of qualified immunity to the jury. Qualified immunity provides government officials performing discretionary functions a shield from civil liability to the extent their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is available to a law enforcement officer defending a claim of excessive force. See Slattery v. Rizzo, 939 F.2d 213 (4th Cir. 1991). The entitlement of an officer to qualified immunity involves the resolution of an "essentially legal question whether the conduct of which the plaintiff complains violated clearly established law." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Thus a district court can often determine the availability of qualified immunity prior to trial on a motion to dismiss, or on a motion for summary judgment. Indeed, the axiom that qualified immunity entitles officials to "an immunity from suit rather than a mere defense to liability," id. at 526 (emphasis in the original), requires that such claims be resolved at the earliest possible stage of the litigation.
 
 
 7
 In the case before us, Officer Nida moved for a directed verdict pursuant to Fed. R. Civ. P. 50(a), asserting that he was entitled to the defense of qualified immunity as a matter of law. The district court denied Nida's motion, properly recognizing that there were disputed facts surrounding Nida's use of force against Miller that presented issues for the jury's resolution. The question whether a reasonable officer in the circumstances faced by Officer Nida could have believed his use of force was legal was a fact-specific question, appropriately reserved for the jury's resolution. We find no reversible error in the qualified immunity instruction given by the district court here.
 
 
 8
 Miller also argues that the jury's verdict was so grossly against the weight of the evidence as to be erroneous as a matter of law. Assuming that Miller properly preserved his challenge to the sufficiency of the evidence supporting the jury's verdict,[2] we agree with the district court that the jury's verdict was not against the weight of the evidence. See Taylor v. Home Ins. Co., 777 F.2d 849, 855 (4th Cir. 1985).
 
 
 9
 Accordingly, the judgment of the district court is
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 The district court granted summary judgment for the Defendants named in Count II. Miller does not appeal that ruling
 
 
 [2]
 Miller did not raise these issues in a motion for summary judgment or in a motion for directed verdict. Miller raised these issues for the first time in his motion for judgment notwithstanding the verdict which was denied by the district court. By failing to raise a sufficiency of the evidence claim until after the jury had reached its verdict, Miller forfeited his ability to challenge the verdict on those grounds. See Aetna Casualty & Sur. Co. v. Yeatts, 122 F.2d 350 (4th Cir. 1941); Fed. R. Civ. P. 50(b)